IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,                    Civil Action:
                                             17-CV-6895
                              Plaintiff,

     -vs-


SHARON WRIGHT N/K/A SHARON MANGIONI,
AN HEIR OF RAYMOND J. WRIGHT,
JOSEPH WRIGHT N/K/A JOEL DAVIS,
AN HEIR OF RAYMOND J. WRIGHT,
THE PEOPLE OF THE STATE OF NEW YORK,
CARL KELLY A/K/A CARL DOE,
AND ANGELA POTTER A/K/A ANGIE ROE

                              Defendants.
_____

## **<u>JUDGMENT OF FORECLOSURE AND SALE</u>**

On the original Summons and duly Verified Complaint and Notice of Pendency, of this

action, all filed in the office of the Clerk of this Court, and upon due proof of service upon each of

the defendants in this action, and upon the Affidavit of Robert J. Kalb, sworn to on January 2,

2019, by all of which it appears to the satisfaction of this Court that the Plaintiff is in all respects

entitled to a default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure and

Section 1321 of the New York Real Property Actions and Proceedings Law, now, upon the motion

of the United States of America, it is

ORDERED, ADJUDGED AND DECREED, as follows:

Plaintiff's Motion for Judgment of Foreclosure, ECF No. 24, is GRANTED.

That the mortgaged premises described in the Complaint, as hereinafter set forth, being

more commonly known as 10 Fowler Road, Bath, New York, a parcel of land improved with a

single family home, be sold in and as one parcel, as a sale in one parcel will be most beneficial to the interests of the parties;

That the sale be conducted at public auction at the front steps of the Steuben County Courthouse, located at

Supreme Court
3 E. Pulteney Square, New York,

by and under the direction of Charles Salina, United States Marshal for the Western District of New York, who is hereby directed to make the sale of said premises.

The United States Marshal shall give public notice of the time and place of sale as follows:

That he cause to be sent by mail, a copy of the Notice of Sale by depositing the same in a prepaid wrapper addressed to:

SHARON MANGIONI, AN HEIR OF RAYMOND J. WRIGHT
229 West Main St.
Big Run, PA 15715

JOEL DAVIS, AN HEIR OF RAYMOND J. WRIGHT
Prisoner No. BZ-4073
SCI-Albion
10745 Route 18
Albion, PA   16475-0002

STATE OF NEW YORK
144 Exchange Blvd.
Rochester, NY 14614

That he post copies of the Notice of Sale in three (3) conspicuous public places in Steuben County, New York, where the premises are located;

That he cause the Notice to be published once weekly for four consecutive weeks in the **The Corning Leader**, a newspaper of general circulation published in Steuben County, where the mortgaged premises are located.  The Notice need not contain the full legal description of the

property as set forth in Schedule A, but may refer to the property as 10 Fowler Road, Bath, New York.

The Plaintiff or any other party to this action may become a purchaser on such sale.

The United States Marshal shall execute to the purchaser on such sale a deed of the premises sold and upon receiving the proceeds of sale, forthwith pay the following items:

FIRST, his fees and commissions on the said sale not exceeding, however, the sum of $300.00;

SECOND, advertising expenses as shown on bills to be specified in his Report of Sale;

THIRD, the sum of $1429.12, hereby adjudged to constitute Plaintiff's costs in this action, with interest thereon from the date hereof, the sum of $0 for reasonable attorney's fees, *see United States v. Simmons*, 13-CV-00789(S)(M), 2015 WL 12591683, at *1 (W.D.N.Y. Jan. 16, 2015), and also the sum of $79,367.86, with interest thereon from 11/6/2018, the amount owing to the Plaintiff and secured by the mortgage which is the subject of this action, or so much thereof as the purchase money of the mortgaged premises will pay of the same.

That, in case the Plaintiff is the purchaser of the mortgaged premises at the sale, or in the event the rights of the purchaser at the sale and the terms of sale under this judgment shall be assigned to and acquired by the Plaintiff and a valid assignment thereof filed with the United States Marshal, the United States Marshal shall not require the Plaintiff to pay in cash, the entire amount bid at said sale, but shall execute and deliver to Plaintiff a deed of the premises sold upon payment to the United States Marshal of the amounts specified above in items marked "FIRST" and "SECOND"; that the balance of the amount bid, after deducting there from the amounts paid by the Plaintiff, shall be allowed to the Plaintiff as specified above in item marked "THIRD"; that if, after so applying the balance of the amount bid there shall be a surplus over and above the said

amounts due to the Plaintiff, the Plaintiff shall pay to the United States Marshal, upon delivery to it of said United States Marshal's deed, the amount of such surplus; and that the United States Marshal then shall make the payments as herein directed.

That the United States Marshal take the receipt of the Plaintiff or its attorney, for the amounts paid as hereinabove directed in item marked "THIRD" and file it with his Report of Sale;

That the surplus moneys, if any, be then deposited in the Registry of this Court, to be withdrawn only on the order of this Court;

That the United States Marshal make his report of such sale and file it with the Clerk of this Court with all convenient speed; that if the proceeds of the sale be insufficient to pay the amounts herein directed to be paid to Plaintiff, with the expenses of sale, interest, costs, and allowances, as aforesaid, the United States Marshal specify the amount of such deficiency in his Report of Sale.

The purchaser on such sale shall be let into possession of the premises sold upon production of the United States Marshal's deed to such premises; and that it is still further

ORDERED, ADJUDGED AND DECREED that each and every one of the defendants in this action, and all persons claiming under them or any or either of them after the filing of the Notice of Pendency of this action, be and they are forever barred and foreclosed of all right, title, interest, claim, lien and equity of redemption in and to the mortgaged premises and each and every part and parcel thereof.  The description of the said premises is attached hereto.

DATED:  January 2, 2019
      Rochester, NY

HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court

ALL THAT TRACT OR PARCEL OF LAND, situate on the east side of Fowler Street in the Town and Village of Bath, County of Steuben, State of New York, bounded and described as follows: Commencing at a point on the east side of Fowler Street 225 feet south from the intersection of Fowler and East Washington Avenue, and on the south side of East Washington Avenue, running thence east on a line parallel with Washington Avenue a distance of 200 feet; thence south on a line at right angles with Washington Avenue a distance of 50 feet; thence westerly on a line parallel with Washington Avenue a distance of 200 feet to Fowler Street, thence north 50 feet along the east side of Fowler Street to the place of beginning.

ALSO, ALL THAT TRACT OR PARCEL OF LAND, in said Town and Village, on the east side of Fowler Street, bounded and described as follows: Beginning at the southwest corner of a lot conveyed to Winifred Kittle and Viola Kittle, his wife, as tenants by the entirety by deed dated June 1st, 1944; thence east along Kittle's south line fifty feet to the southeast corner of the Kittle lot; thence south on a line parallel with the east line of Fowler Street fifty feet thence west on a line parallel with the south line of East Washington Avenue fifty feet; thence north on a line parallel with the east line of Fowler Street to the place of beginning.

The above described premises are more currently described as follows: ALL THAT TRACT OR PARCEL OF LAND, situate in the Town and Village of Bath, County of Steuben and State of New York bounded and described as follows: Beginning at an existing iron pin on the east street limits of Fowler Street, said pin being S 10° 20' 26" west a distance of 225.00' from the intersection of the east line of Fowler Street with the south line of East Washington Street; thence S 80° 18' 47" E along lands now or formerly of Lewis ( L. 2267, P. 342 ) a distance of 250.00' to an existing iron pin; thence S 10° 20' 26" W along lands now or formerly MGF Realty Associates, LLC ( L. 2220, P. 344 ) a distance of 50.00' to a set 5/8" diameter iron pin; thence N 80° 18' 47" W along lands now or formerly Yates ( L. 1420, P. 149 ) a distance of 250.00' to a point on the east street limits of Fowler Street; thence N 10° 20' 26" E along the east street limits of Fowler Street a distance of 50.00' to the point and place of beginning.